UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION AT LEXINGTON

*Electronically filed*

RAMSI A. WOODCOCK,

    *Plaintiff*

v.

UNIVERSITY OF KENTUCKY, *et al.*,

    *Defendants*

Civil Action No. 5:25-cv-00424-DCR

---

## COMMONWEALTH OF KENTUCKY'S MOTION TO INTERVENE

---

In this action, the Plaintiff challenges the constitutionality of Senate Joint Resolution 55, 2025 Ky. Acts ch. 157 ("SJR 55"), claiming the resolution violates the First Amendment. Under Rule 24 of the Federal Rules of Civil Procedure, the Commonwealth of Kentucky, *ex rel.* Attorney General Russell Coleman, moves to intervene as a Defendant in this action to defend the constitutionality of SJR 55.

### ARGUMENT

Under Federal Rule of Civil Procedure 24, a party is entitled to intervene of right on a timely motion if the party "claims an interest relating to the property or transaction that is the subject of the action, and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest, unless existing parties adequately represent that interest." Fed. R. Civ. P.

1

24(a)(2). A party may intervene permissively on a timely motion if the party "has a claim or defense that shares with the main action a common question of law or fact." Fed. R. Civ. P. 24(b)(1)(B). Rule 24 also gives government parties, like Attorney General Coleman on behalf of the Commonwealth, additional leeway to intervene permissively. The Commonwealth, though its Attorney General, is entitled to intervene under both provisions.

## I.   The Commonwealth is entitled to intervene as of right.

In the Sixth Circuit, a party can intervene of right if:

> (1) the motion to intervene is timely; (2) the proposed intervenor has a substantial legal interest in the subject matter of the case; (3) the proposed intervenor's ability to protect that interest may be impaired in the absence of intervention; and (4) the parties already before the court may not adequately represent the proposed intervenor's interest.

*United States v. Michigan*, 424 F.3d 438, 443 (6th Cir. 2005). These four factors must be "broadly construed in favor of potential intervenors." *Coalition to Defend Affirmative Action v. Granholm*, 501 F.3d 775, 779 (6th Cir. 2007) (quoting *Purnell v. City of Akron*, 925 F.2d 941, 950 (6th Cir. 1991)). And "close cases should be resolved in favor of recognizing an interest under Rule 24(a)." *Davis v. Lifetime Capital, Inc.*, 560 F. App'x 477, 490 (6th Cir. 2014) (quoting *Grutter v. Bollinger*, 188 F.3d 394, 399 (6th Cir. 1999)).

As to the first factor, the Commonwealth seeks leave to intervene less than a month after the Plaintiffs filed their complaint. *Blount-Hill v. Zelman*, 636 F.3d 278, 284 (6th Cir. 2011) (considering "the length of time preceding the application during which the proposed intervenors knew or should have known of their interest in the case"). The Defendants have yet to file an answer or otherwise respond to the

2

complaint. *See* Doc. 14 (agreeing to an extension for Defendants to respond to the Plaintiff's complaint); Doc. 15 (virtual order granting the requested extension of time). This motion is timely.

As to the second factor governing intervention of right—whether the Commonwealth through Attorney General Coleman has a sufficient legal interest in this matter—there can be no doubt. The Sixth Circuit subscribes to a "rather expansive notion of the interest sufficient to invoke intervention of right," *Mich. State AFL-CIO v. Miller*, 103 F.3d 1240, 1245 (6th Cir. 1997), and has determined that the term "'interest' is to be construed liberally," *Bradley v. Milliken*, 828 F.2d 1186, 1192 (6th Cir. 1987). The Commonwealth "clearly has legitimate interest in the continued enforceability of its own statutes." *Cameron v. EMW Women's Surgical Ctr., P.S.C.*, 595 U.S. 267, 277 (2022) (quoting *Maine v. Taylor,* 477 U.S. 131, 137 (1986)). As a matter of law, Attorney General Coleman is the Commonwealth's "chief law officer," Ky. Rev. Stat. § 15.020(1), and must "enter his appearance in *all* cases, hearings, and proceedings . . . and attend to *all* litigation and legal business in or out of the state required of him by law, or *in which the Commonwealth has an interest*," *id.* § 15.020(3) (emphasis added). According to Kentucky's highest court, "[t]here is no question as to the right of the Attorney General to appear and be heard in a suit brough by someone else in which the constitutionality of statute is involved." *Commonwealth ex rel. Hancock v. Paxton*, 516 S.W.3d 865, 868 (Ky. 1974); *see also* Ky. Rev. Stat § 418.075(1) (noting the Attorney General is "entitled to be heard" in "any proceeding that involves this the validity of a statute").

This leads to the third and fourth factors governing intervention of right (which are closely intertwined in this case)—whether the intervenor's ability to protect its interest may be impaired without intervention and whether its interest is adequately protected by the existing party. As to the third factor, the Attorney General must demonstrate that "the disposition of the action may impair or impede" his ability to protect the Commonwealth's interest. *Jansen v. City of Cincinnati*, 904 F.2d 336, 340 (6th Cir. 1990). "To satisfy this element of the intervention test, a would-be intervenor must show only that impairment of its substantial legal interest is possible if intervention is denied. This burden is minimal." *Miller*, 103 F.3d at 1247 (citation omitted). And as to the fourth factor, "[t]he State's burden with respect to establishing that its interest is not adequately protected by the existing party to the action is a minimal one; it is sufficient to prove that representation *may* be inadequate." *Ne. Ohio Coal. for Homeless & Serv. Employees Int'l Union, Local 1199 v. Blackwell*, 467 F.3d 999, 1008 (6th Cir. 2006). Even if not the case here, the fact that an intervenor seeks the same outcome as a current party does not foreclose intervention of right. *See id.*

In light of the minimal burden and the fact that the intervention rules should be read in "favor of potential intervenors," *Granholm*, 501 F.3d at 779, both factors strongly weigh in favor of allowing the Commonwealth's intervention. As demonstrated above, the Attorney General acting as the chief law enforcement officer of the Commonwealth "asserts a substantial legal interest that sounds in deeper, constitutional considerations" of state sovereignty by seeking to defend the

4

enforceability of SJR 55. *Cameron*, 595 U.S. at 277. This is not the sort of "general" interest typically rejected by courts in the Sixth Circuit. *See*, *e.g.*, *Granholm*, 501 F.3d at 782. Rather, it is an interest specific to and inherent in the Attorney General acting on behalf of the Commonwealth. Ky. Rev. Stat. § 15.020(1).

The other Defendants, although a state university and individual officers of the university named in their individual and official capacities, cannot provide adequate representation of the Commonwealth's interest in defending its laws. "Respect for state sovereignty must take into account the authority of a State to structure its executive branch in a way that empowers multiple offices to defend its sovereign interests in federal court." *Cameron*, 595 U.S. at 277 (citation omitted). Only the Attorney General is specifically to empowered by statute to appear in "all cases . . . in which the Commonwealth has an interest, and any litigation . . . that any state officer, department, commission, or agency may have in connection with, or growing out of his, her, or its official duties." Ky. Rev. Stat. § 15.020(3); *see also id.* § 418.075(1) (providing that the Kentucky Attorney General is "entitled to be heard" in actions involving the constitutionality of a statute).

Because all the relevant factors are satisfied, the Commonwealth must be granted intervention as a matter of right.

## II.    The Commonwealth should be granted permissive intervention.

Under Rule 24(b)(1)(B), an intervenor can intervene permissively if the motion to intervene is timely and if the intervenor alleges "at least one common question of law or fact" that is already raised in the pending lawsuit. *Michigan*, 424 F.3d at 445 (discussing Fed. R. Civ. P. 24(b)(1)(B)). If those threshold requirements are met, "the

district court must then balance undue delay and prejudice to the original parties, if any, and any other relevant factors to determine whether, in the court's discretion, intervention should be allowed." *Id.* (quoting *Miller*, 103 F.3d at 1248).

For the reasons discussed above, this motion is timely and will not prejudice the existing parties or unduly delay the resolution of this action. The Attorney General's intervention into this case on behalf of the Commonwealth also raises "at least one common question of law or fact" since the Commonwealth seeks to intervene as a Defendant specifically to address the constitutional challenge the Plaintiff raised in the complaint. Thus, Attorney General Coleman, on behalf of the Commonwealth of Kentucky, should be permitted to intervene under Rule 24(b)(2).

## CONCLUSION

The motion of the Commonwealth of Kentucky, *ex rel.* Attorney General Russell Coleman, to intervene in this action should be granted.

Respectfully submitted,

**Russell Coleman**
**ATTORNEY GENERAL**

/s/ Aaron J. Silletto
Aaron J. Silletto (KBA No. 89305)
Lindsey R. Keiser (KBA No. 99557)
Office of the Attorney General
1024 Capital Center Drive, Suite 200
Frankfort, Kentucky 40601
Phone: (502) 696-5300
Aaron.Silletto@ky.gov
Lindsey.Keiser@ky.gov

*Counsel for the Commonwealth of Kentucky*
*ex rel. Attorney General Russell Coleman*

6

## CERTIFICATE OF SERVICE

I certify that on December 5, 2025, the above document was filed with the CM/ECF filing system, which electronically served a copy to all counsel of record.

/s/ Aaron J. Silletto
*Counsel for the Commonwealth of Kentucky*
*ex rel. Attorney General Russell Coleman*