UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
(at Lexington)

| | | |
|---|---|---|
| RAMSI A. WOODCOCK, | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. 5: 25-424-DCR |
| | ) | |
| V. | ) | |
| | ) | |
| THE UNIVERSITY OF KENTUCKY, | ) | **MEMORANDUM ORDER** |
| et al., | ) | |
| | ) | |
| Defendants. | ) | |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

The Court denied Plaintiff Ramsi Woodcock's motion for a preliminary injunction and granted Defendants the University of Kentucky ("University"), Eli Capilouto, Robert DiPaola, James Duff, and William Thro's motion to abstain under *Younger v. Harris*, 401 U.S. 37 (1971), on January 8, 2026. [Record No. 37] Late in the evening of January 21, 2026, Woodcock's attorneys filed a Notice of Appeal concerning those decisions along with an "Emergency" Motion for an Injunction Pending Appeal, pursuant to Rule 62(d) of the Federal Rules of Civil Procedure. [Record Nos. 42 and 44]

The present motion seeks the same injunctive relief as before. That is, to stop the defendants from pursuing their investigation and allow the plaintiff to continue teaching classes and utilizing the law school building. [*See* Record Nos. 19 and 42.] Woodcock's motion will be denied for the following reasons.[1]

---

[1]     Because abstention remains appropriate, the Court will not entertain Woodcock's request for injunctive relief, thus rendering a hearing unnecessary. Nor does his motion require a response from the defendants as the undersigned is well acquainted with arguments concerning abstention. *Marcum v. Crews*, Civil Action No. 5: 25-000238-GFVT, 2025 WL

Rule 62(d) provides that, "[w]hile an appeal is pending from an interlocutory order or final judgment that grants, continues, modifies, refuses, dissolves, or refuses to dissolve or modify an injunction, the court may suspend, modify, restore, or grant an injunction on terms for bond or other terms that secure the opposing party's rights."  Under the rule, the Court reconsiders the preliminary injunction factors.  *Marcum*, 2025 WL 2691037, at *1.

The effect of the federal rule is somewhat at odds with abstention principles because, as a general rule, once "a court determines that *Younger* abstention applies, it may not retain jurisdiction over the case."  *O'Neill v. Coughlan*, 490 F. App'x 733, 736–37 (6th Cir. 2012) (citing *Juidice v. Vail*, 430 U.S. 327, 348 (1977) (Stewart, J., dissenting); *Zalman v. Armstrong*, 802 F.2d 199, 207 n. 11 (6th Cir. 1986)).  However, when a plaintiff seeks damages in addition to injunctive relief, a "federal court's discretion to abstain from exercising jurisdiction does not extend so far as to permit a court to dismiss or remand, as opposed to stay, an action at law."  *James v. Hampton*, 513 F. App'x 471, 476 (6th Cir. 2013) (citations and quotations omitted).

Here, Woodcock seeks monetary damages as well as injunctive relief.  As a result, the Court entered a stay pending resolution of the investigation by the university.  [Record No. 37 at 40]  But that does not mean that the Court should exercise jurisdiction to grant *injunctive* relief after it has abstained under *Younger*.  Indeed, as the Sixth Circuit has recognized, when "'a case is properly within the *Younger* category of cases, there is *no discretion on the part of the federal court to grant injunctive relief*.'"  *O'Neill*, 490 F. App'x at 737 (emphasis added) (noting that the case should have been dismissed after the previous panel dissolved the

---

2691037, at *3 (E.D. Ky. Sept. 19, 2025).  Further, the relief sought weighs in favor of the Court proceeding without a response.  *See id.*

injunction under *Younger*); *Sun Refining & Mktg. Co. v. Brennan*, 921 F.2d 635, 637, 639 (6th Cir. 1990) (applying *Younger* in vacating and remanding the trial court's injunction); *Colorado River Water Conservation Dist. v. United States*, 424 U.S. 800, 816 n.22 (1976) (citing *Younger* for "[w]here a case is properly within this category of cases, there is no discretion to grant injunctive relief").

Although the Court has not located any controlling authority addressing the propriety of resolving a motion under Rule 62(d) *on the merits* when it previously determined abstention was proper, ordinary abstention principles caution against exercising jurisdiction under the circumstances presented.

And to the extent Woodcock's motion can be construed as a motion for reconsideration of the Court's decision to abstain, it will be denied. He has not demonstrated any error, change of circumstance, or made any argument he could not have raised before that would alter the outcome of the Court earlier decision. Instead, Woodcock present motion is a thinly-veiled attempt to repackage several of his previous unsuccessful arguments. For example, he claims that the defendants have "refused to adjudicate" his constitutional claims until after the investigation is over. [Record No. 42 at 3] But in so doing, he attempts to alter what *Middlesex* requires from "an adequate opportunity to raise his constitutional claims" into an "*adjudication*" of those claims. *Middlesex Cnty. Ethics Comm. v. Garden State Bar Ass'n*, 457 U.S. 423, 432–34 (1982).

The University has provided Woodcock with adequate opportunities to make his constitutional arguments *before* the investigation closes, notwithstanding his strained interpretation of *Gibson v. Berryhill*. [Record No. 42 at 9 (citing 411 U.S. 564, 577 n.16 (1973) for the proposition that "[a]n opportunity to obtain a ruling after constitutional harms have

come to an end is not adequate").]; [*See* Record Nos. 28-1 at 7, 16–18 and 25-1 at 4–12.]. And clearly, it is *Woodcock* who is impeding the timeliness of raising his constitutional claims.[2]

Next, attempting to push the investigation from *Younger*'s reach, Woodcock now argues that because the University is part of the executive, more indicia of judicial process is necessary for the proceeding to be considered judicial in nature. [Record No. 42 at 15] Aside from providing no support for this supposition, the investigation cannot be construed as a "judicial proceeding reviewing legislative or executive action." *New Orleans Pub. Serv., Inc. v. Council of City of New Orleans*, 491 U.S. 350, 368 (1989). Instead, it is retrospective, investigating actions that may violate preexisting law and policy, rendering it adjudicative. And contrary to Woodcock's *ad hoc* arguments, investigations are *inherently* tailored to the situation presented.

In any event, in the interest of comity, the Court is not inclined to interfere with state formal investigations any more than it would with state formal judicial proceedings, absent a *Younger* exception. But Woodcock has not met the high bar of showing any exception to *Younger* applies.[3] His assertion that the initial complaints came from individuals outside the University or from actions occurring extraterritorially (which Woodcock contends are not covered by Title VI) does not transform the University's investigation into harassment or one taken in bad faith. Woodcock merely reprises his claim that the flagrant unconstitutionality

---

[2]     Woodcock has yet to tender responses to the investigator's questions, including one for legal arguments. [Record No. 42 at 2]

[3]     Despite Woodcock's representation, the Court never sought "to distinguish *Williams* on the ground that the investigation was 'instigated by complaints from third parties, not the University.'" [Record No. 42 at 16–17 (citing *Williams v. Pennsylvania*, 579 U.S. 1, 10 (2016)).] The Court never cited *Williams* and was distinguishing *Dombrowski v. Pfister*. [*See* Record No. 37 at 31–34 (citing 380 U.S. 479 (1965)).)]

exception applies to the *examples* to the International Holocaust Remembrance Alliance ("IHRA") definition of antisemitism. [Record No. 42 at 15–16] [*See* Record No. 42-3] However, the University adopted the *definition*: "Antisemitism is a certain perception of Jews, which may be expressed as hatred toward Jews. Rhetorical and physical manifestations of antisemitism are directed toward Jewish or non-Jewish individuals and/or their property, toward Jewish community institutions and religious facilities." [Record No. 42-1 at 3]; *see also* University of Kentucky Office of Equal Opportunity, *Discrimination and Harassment*, https://oeo.uky.edu/key-priorities/discrimination-and-harassment (last visited Jan. 23, 2026). As the Court addressed during the evidentiary hearing in this matter, those examples[4] are not part of the Kentucky Senate Resolution adopting the IHRA definition nor are they specifically referenced in the Kentucky Senate Joint Resolution directing Kentucky's public universities to adopt policies that use the IHRA definition as guidance. 2021 Ky. S.R. 67; 2025 Ky. S.J.R. 55.

Accordingly, it is hereby **ORDERED** that Plaintiff Ramsi Woodcock's Motion for an Injunction Pending Appeal [Record No. 42] is **DENIED**.

---

[4] Much like committee notes, examples are not considered the rule itself but rather serve as interpretive aids. *See Tome v. United States*, 513 U.S. 150, 167-68 (1995) (Scalia, J., concurring) (noting that advisory committee notes "bear no special authoritativeness as the work of the draftsmen," rather it "is the words of the [rule] that have been authoritatively adopted").

Dated:  January 23, 2026.

Danny C. Reeves, District Judge
United States District Court
Eastern District of Kentucky