RECOMMENDED FOR PUBLICATION
Pursuant to Sixth Circuit I.O.P. 32.1(b)

File Name: 26a0242p.06

# UNITED STATES COURT OF APPEALS

## FOR THE SIXTH CIRCUIT

RAMSI A. WOODCOCK,

*Plaintiff-Appellant*,

*v*.

UNIVERSITY OF KENTUCKY; ELI CAPILOUTO, in his official and individual capacities, ROBERT DIPAOLA, in his official and individual capacities; WILLIAM E. THRO, in his official and individual capacities; JAMES C. DUFF, in his individual capacity; LINDA MCMAHON, in her official capacity as United States Secretary of Education; RUSSELL MATTHEW COLEMAN, Attorney General; GREGORY F. VAN TATENHOVE, in his official capacity,

*Defendants-Appellees*.

No. 26-5057

Appeal from the United States District Court for the Eastern District of Kentucky at Lexington.
No. 5:25-cv-00424—Danny C. Reeves, District Judge.

Argued: July 28, 2026

Decided and Filed: August 24, 2026

Before: GILMAN, GRIFFIN, and READLER, Circuit Judges.

## COUNSEL

**ARGUED:** Rima N. Kapitan, KAPITAN GOMAA LAW, P.C., Chicago, Illinois, for Appellant. Bryan H. Beauman, STURGILL, TURNER, BARKER & MOLONEY, PLLC, Lexington, Kentucky, for University of Kentucky Appellees. Matthew F. Kuhn, OFFICE OF THE KENTUCKY ATTORNEY GENERAL, Frankfort, Kentucky, for Appellee Russell Coleman. **ON BRIEF:** Rima N. Kapitan, KAPITAN GOMAA LAW, P.C., Chicago, Illinois, Joe F. Childers, JOE F. CHILDERS & ASSOCIATES, Lexington, Kentucky, for Appellant. Bryan H. Beauman, Carmine G. Iaccarino, STURGILL, TURNER, BARKER & MOLONEY, PLLC, Lexington, Kentucky, William E. Thro, UNIVERSITY OF KENTUCKY, Lexington, Kentucky,

for University of Kentucky Appellees. Matthew F. Kuhn, John H. Heyburn, OFFICE OF THE KENTUCKY ATTORNEY GENERAL, Frankfort, Kentucky, for Appellee Russell Coleman. Charles Thomason, Louisville, Kentucky, Alexander Kazam, KING & SPALDING LLP, Washington, D.C., Bina Ahmad, Hanna Chandoo, HADSELL STORMER RENICK & DAI LLP, Pasadena, California, for Amici Curiae.

---

**OPINION**

---

GRIFFIN, Circuit Judge.

Plaintiff Ramsi Woodcock is a tenured law professor at the University of Kentucky David J. Rosenberg College of Law. After Woodcock called for the military invasion of Israel, the University placed him on administrative leave while it investigated whether his actions violated any law or university policy. During the investigation's early stages, Woodcock sued the University, but the district court abstained under *Younger v. Harris*, 401 U.S. 37 (1971). On appeal, Woodcock argues that the district court erred because the University's investigation is not an ongoing state proceeding for purposes of abstention. We agree, reverse the district court, and remand for consideration of Woodcock's motion for a preliminary injunction.

I.

On July 6, 2025, Woodcock posted a petition online calling for military action against Israel. Twelve days later, the University notified Woodcock that it was launching an investigation because his petition may have created "a hostile environment for Jewish members of the university community." That same day, the University also sent a letter to Woodcock explaining that he would be temporarily reassigned to only "professional development." The letter further explained that Woodcock was barred from the Law School and would no longer instruct students during the investigation.

On July 22, 2025, the University sent Woodcock a "Notice of Investigation." The Notice of Investigation detailed four discrete allegations where Woodcock engaged in speech critical of Israel. A month later, Woodcock had a video meeting with the University about the investigation's next steps.

On August 25, 2025, the University emailed Woodcock, requesting a list of witnesses and relevant evidence for the investigation. The letter also explained that the University could not provide an exact timeline but would "seek to complete the fact-gathering stage of [the] investigation within 60 to 90 calendar days." And it described the stages of the investigation, none of which had been completed.

In early September, the University sent Woodcock an amended Notice of Investigation, which included allegations made against Woodcock by four students. The amended Notice of Investigation also alleged that Woodcock created a hostile environment based on race, color, or national origin by allegedly "calling for . . . the ultimate destruction of Israel," using "antisemitic tropes," "making anti-Semitic and anti-Israeli remarks during an optional lecture," and "shouting, 'Free Palestine,' while driving a car with University of Kentucky law students."

On November 13, 2025, Woodcock sued the University, several of its administrators, and other government officials. On December 1, the University sent Woodcock a long questionnaire about incidents referenced in the amended Notice of Investigation. Woodcock did not respond to the questionnaire. As a result, the University's investigation remains in its preliminary fact-finding stage, and the University has not yet determined whether a formal hearing is needed.[1]

Meanwhile, Woodcock sought a preliminary injunction. Soon after, the University responded with a motion to abstain. The district court granted the University's motion, concluding that *Younger v. Harris*, 401 U.S. 37 (1971), required abstention. Woodcock appealed.

## II.

We review a district court's decision to abstain de novo. *Doe v. Univ. of Kentucky*, 860 F.3d 365, 368 (6th Cir. 2017).

[1] A formal hearing is required if the preliminary investigation indicates that serious consequences, such as terminating the faculty member's appointment before it expires or depriving him of a "constitutionally protected property interest," may result. After a formal hearing, the faculty member may then appeal any unfavorable findings. And after the appeal is decided, the University President may bring termination proceedings before the Board of Trustees.

To determine whether *Younger* abstention applies, we employ a two-step inquiry. First, we ask whether the state proceeding falls into one of three "exceptional" categories. *Sprint Commc'ns, Inc. v. Jacobs*, 571 U.S. 69, 73 (2013). These three categories include (1) "state criminal prosecutions," (2) "civil enforcement proceedings," and (3) "civil proceedings involving certain orders that are uniquely in furtherance of the state courts' ability to perform their judicial functions." *Id.* (quoting *New Orleans Pub. Serv., Inc. v. Council of City of New Orleans*, 491 U.S. 350, 368 (1989)). The civil enforcement proceedings referenced in the second category are those "akin to a criminal prosecution." *Doe*, 860 F.3d at 369.

Today, we assume without deciding that a state university's formal enforcement procedure for reviewing a professor's alleged violations of university policy constitutes a civil enforcement proceeding akin to a criminal prosecution. On this assumption, we then consider three additional factors: whether (1) the underlying state proceedings are "ongoing"; (2) the proceedings implicate important state interests; and (3) there is an adequate opportunity to raise constitutional challenges in the underlying proceeding. *Sprint Commc'ns, Inc.*, 571 U.S. at 81; *Middlesex Cnty. Ethics Comm. v. Garden State Bar Ass'n*, 457 U.S. 423, 432 (1982).

Here, whether the underlying state proceedings are ongoing is the dispositive factor. The proceedings are not ongoing. On the contrary, the disciplinary proceedings against Woodcock remain in a preliminary, investigatory stage. There is no ongoing formal proceeding against Woodcock, nor has the University filed a formal complaint against him. *See Telco Commc'ns, Inc. v. Carbaugh*, 885 F.2d 1225, 1229 (4th Cir. 1989) (explaining that abstention is inappropriate when a federal plaintiff faces only a "threat of enforcement"). Indeed, the University has not even made a threshold determination that Woodcock violated one of its policies. *See Guillemard-Ginorio v. Contreras-Gomez*, 585 F.3d 508, 512–13, 519 (1st Cir. 2009) (holding that abstention was inappropriate because "the agency's investigation of the plaintiffs was at too preliminary a stage" as it had not "issued any charges, reports or orders"). And the University's Notices of Investigation are likewise insufficient triggers for *Younger* abstention. *See Canatella v. California*, 304 F.3d 843, 851 (9th Cir. 2002) (declining to abstain after the state merely initiated a preliminary investigation into attorney misconduct). To date, the University's investigatory steps—including temporarily reassigning Woodcock's duties—fall

short of a formalized, ongoing proceeding. *See Winter v. Wolnitzek*, 834 F.3d 681, 688 (6th Cir. 2016) ("[A] finding of probable cause does not necessarily mean a formal proceeding exists."). Simply put, abstention here was inappropriate because no formalized proceeding is underway.

The University's primary response is that we held abstention was appropriate in *Doe v. University of Kentucky*, which involved the University's internal disciplinary process for students. 860 F.3d at 370. But *Doe* is distinguishable. The plaintiff there had already gone through multiple formal Title IX hearings and had more scheduled before filing suit. *Id.* at 368. We merely held that those formal hearings were enough to satisfy *Younger*'s ongoing proceeding requirement. *Id.* at 370. Here, the University is still determining whether a formal hearing will be necessary. We decline to extend *Doe* to a new context.

III.

For these reasons, we reverse the district court and remand for consideration of Woodcock's motion for a preliminary injunction and further proceedings consistent with this opinion.