UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION AT LEXINGTON
CASE NO. 5:25-cv-00424-BJB

RAMSI A. WOODCOCK PLAINTIFF

v.

ELI CAPILOUTO, *et al.* DEFENDANTS

---

**ANSWER OF DEFENDANTS PRESIDENT ELI CAPILOUTO, PROVOST ROBERT DIPAOLA, GENERAL COUNSEL WILLIAM THRO, AND FORMER DEAN OF THE COLLEGE OF LAW JAMES DUFF**

---

The University of Kentucky President Eli Capilouto, Provost Robert DiPaola, General Counsel William Thro, and Former Dean of the College of Law James Duff (collectively, the "University Officials" or "Defendants"), by counsel, file this Answer to the Plaintiff's Amended Complaint. Although Gregory F. Van Tatenhove has since been appointed Dean of the College of Law, and has been substituted as a party to the extent claims against the Dean were made in his official capacity, the Amended Complaint does not expressly reference Dean Van Tatenhove. Nonetheless, this Answer serves as his responsive pleading to the extent any claims are made against the Dean in his official capacity.

**FIRST DEFENSE**

The Amended Complaint fails to state a claim against the Defendants upon which relief can be granted and should be dismissed.

## SECOND DEFENSE

As for the specific allegations of Plaintiff's Amended Complaint, these Defendants state as follows:

1. These Defendants admit only those portions of the allegations of paragraphs 9, 10, 11, 12, 14, 15, 16, 19, and 22 of the Amended Complaint which identify the parties and their current or former positions at the University.

2. The allegations of paragraphs 17, 18, 144, 145, 146, 151, 155, 160, and 170 of the Amended Complaint state conclusions of law to which no responsive pleading is required by these Defendants. To the extent a response is deemed necessary, these Defendants deny the allegations of these paragraphs of the Amended Complaint.

3. The allegations of paragraphs 2, 3, 4, 7, 8, 20, 21, 23, 24, 29, 30, 31, 32, 33, 34, 36, 37, 38, 39, 41, 43, 44, 45, 46, 47, 48, 49, 50, 54, 57, 58, 60, 61, 62, 63, 64, 65, 66, 67, 69, 70, 71, 72, 73, 75, 76, 77, 80, 81, 82, 83, 89, 93, 94, 96, 111, 112, 130, 134, 135, 143, 151, 154, 157, 158, 165, 174, 175, 182, 200, 202, 203, 206, 210, and 211 of the Amended Complaint refer to or incorporate documents, correspondence, statements, quotes, policies, records, statutes, regulations, and other such items. In response to these paragraphs of the Amended Complaint, these Defendants state that the language and terms of those items referenced in these paragraphs speak for themselves and that no responsive pleading is required. To the extent any such responsive pleading is required, Defendants deny those allegations of these paragraphs of the Amended Complaint as well as any and all unstated inferences and innuendo meant to be drawn from them. Defendants further reserve the right to

challenge the authenticity, admissibility and relevance of any such documents, statements, policies, records, and other such items, and all other objections that may be raised at or before the trial of this matter, and further deny any insinuations or inferences meant to drawn from reference to these items.

4. The allegations of paragraphs 127, 142, 150, 156, 161, 169, 184, 194, and 209 of Plaintiff's Amended Complaint, require no response by these Defendants, but to the extent a response is deemed required, Defendants deny the allegations of these paragraphs and adopt and incorporate the responses and defenses in this Answer to the Amended Complaint.

5. To the extent allegations in paragraphs 3, 8, 53, 84, 93, 163 and 202, 210, 211, and 212, of the Amended Complaint references Kentucky Senate Joint Resolution 55, adopted during the 2025 Regular Session of the General Assembly, and signed by Governor Andy Beshear on April 2, 2025, the Senate Joint Resolution speaks for itself and, among other things, directs Kentucky's public postsecondary education institutions to "adopt policies to combat antisemitism within their institutions that use as guidance the definition of 'antisemitism' as established by the International Holocaust Remembrance Alliance and recognized in 2021 Regular Session Senate Resolution 67," and directs each institution to "adhere to the First Amendment."

6. These Defendants are without sufficient information or knowledge to form a belief as to the allegations of paragraphs 42, 51, 52, 86, 87, 90, 91, 92, 98, 123, 128, 186, of the Amended Complaint as stated and therefore deny those allegations at this

time. The University's investigation is continuing, and the University expects that such investigation will address the veracity of the allegations made.

7. These Defendants deny the allegations of paragraphs 1, 5, 6, 13, 25, 26, 27, 28, 35, 40, 53, 55, 56, 59, 68, 74, 78, 79, 85, 88, 95, 97, 99, 100, 101, 102, 103, 104, 105, 106, 107, 108, 109, 110, 113, 114, 115, 116, 117, 118, 119, 120, 121, 122, 123, 124, 125, 126, 129, 131, 132, 133, 136, 137, 138, 139, 140, 141, 147, 148, 149, 152, 153, 159, 162, 164, 166, 167, 168, 171, 172, 173, 176, 177, 178, 179, 180, 181, 183, 185, 187, 188, 189, 190, 191, 192, 193, 195, 196, 197, 198, 208, 212, 213, and 214 of the Amended Complaint as stated.

8. The allegations of paragraphs 199, 201, 204, 205, 207, and 215 are not directed to these Defendants and do not require a responsive pleading from these Defendants, but, to the extent a response is deemed necessary, these Defendants deny the allegations of these paragraphs of the Amended Complaint.

9. These Defendants deny the remaining allegations of the Amended Complaint not specifically admitted in this Answer.

## THIRD DEFENSE

The Amended Complaint is barred by the sovereign, governmental, absolute, qualified and/or official immunity of the Defendants, and by the Eleventh Amendment to the United States Constitution, which bars any discovery against Defendants.

**FOURTH DEFENSE**

Defendants have acted in conformity with all applicable statutes, regulations, common law, and in conformity with the Constitutions of the United States and the Commonwealth of Kentucky.

**FIFTH DEFENSE**

The Plaintiff's actions are not protected activities under federal or state law which acts as a complete or partial bar to Plaintiff's Amended Complaint.

**SIXTH DEFENSE**

All decisions and actions regarding Plaintiff's employment were made in good faith, based upon legitimate, non-retaliatory and nondiscriminatory reasons, and in the exercise of professional judgment and not any alleged protected activities or status and that at all times relevant, Defendants acted in accordance with all applicable statutes, regulations, ordinances, and other law, which bars Plaintiff's claims in whole or in part.

**SEVENTH DEFENSE**

Any action taken concerning Plaintiff by these Defendants, if any, was based on legitimate, non-retaliatory reasons and was not taken in retaliation for any statement, action, or communication nor the exercise of any right or privilege protected by law.

**EIGHTH DEFENSE**

Plaintiff's claims are barred in whole or in part to the extent he has failed to mitigate any and all of his alleged damages or has aggravated the same by his own actions or inactions.

**NINTH DEFENSE**

Plaintiff's Amended Complaint, in whole or in part is barred by waiver and/or estoppel as a result of Plaintiff's own conduct, including Plaintiff's violation of University policies.

**TENTH DEFENSE**

Plaintiff's Amended Complaint, in whole or in part, may be barred by the applicable statute of limitations.

**ELEVENTH DEFENSE**

Defendants rely upon the defenses of truth, substantial truth, and opinion to any statements of fact alleged to have been made regarding Plaintiff.

**TWELFTH DEFENSE**

Any communications by these Defendants concerning the Plaintiff are protected by the doctrine of qualified and/or absolute privilege as having been communicated for the limited purpose of furtherance of the University's business, and Defendants rely upon the doctrine of qualified and/or absolute privilege as a complete bar to Plaintiff's Amended Complaint.

**THIRTEENTH DEFENSE**

Plaintiff has suffered no damage or injury to his reputation as a result of any alleged statements by Defendants which bars Plaintiff's claims.

**FOURTEENTH DEFENSE**

Any damages and/or adverse job actions alleged to have been suffered by the Plaintiff, which damages are denied, were proximately and solely caused by the

Plaintiff's own conduct and failure to perform in good faith.

**FIFTEENTH DEFENSE**

Plaintiff is not entitled to recover any damages whatsoever; however, to the extent Plaintiff is allowed to recover any damages in this action, he is limited to a recovery of actual damages only.

**SIXTEENTH DEFENSE**

Plaintiff's claims may be barred by the applicable statute of limitations and/or failure to exercise administrative remedies or statutory prerequisites to filing suit.

**SEVENTEENTH DEFENSE**

Plaintiff's alleged actions are not protected activities under law which is a complete or partial bar to Plaintiff's Amended Complaint.

**EIGHTEENTH DEFENSE**

None of the actions taken by Defendants were based or motivated, in whole or in part, on Plaintiff's race and/or exercise of rights, nor any consideration related to any of the above, but were in fact based on the legitimate exercise of professional duties, rights, and responsibilities, including but not necessarily limited to the exercise of professional discretion in evaluating and/or addressing Plaintiff's misconduct, and Defendants rely upon these facts as a complete bar to Plaintiff's Amended Complaint.

**NINETEENTH DEFENSE**

Plaintiff's Amended Complaint and requested relief may be barred in whole or in part based on the doctrine of unclean hands.

**TWENTIETH DEFENSE**

Any action taken with regard to Plaintiff's employment was based on legitimate, non-retaliatory reasons and was not taken in retaliation for any statement, action, or communication nor the exercise of any right or privilege protected by law.

**TWENTY-FIRST DEFENSE**

Defendants have acted in conformity with all applicable statutes, regulations, common law, and in conformity with the Constitutions of the United States and the Commonwealth of Kentucky.

**TWENTY-SECOND DEFENSE**

Plaintiff's alleged speech, if any, was not protected speech under the First Amendment to the United States Constitution, which bars Plaintiff's claims in whole or in part. To the extent Plaintiff engaged in any protected speech, any action taken by these Defendants was based on and would have resulted from activity by him that was not protected by the First Amendment.

**TWENTY-THIRD DEFENSE**

Defendants provisionally plead the affirmative defenses of F.R.C.P. 8 and 12, as if fully restated and to the extent not already expressly stated, with their applicability, if any, to be determined during discovery with amendment to pleadings accordingly.

**TWENTY-FOURTH DEFENSE**

Defendants reserve the right to raise any other affirmative defense that may become known in the course of discovery.

**WHEREFORE**, Defendants respectfully request judgment be entered in their favor, and that the Plaintiff's Amended Complaint against them be dismissed and that he takes nothing thereby. Defendants further request that the Court:

- Declare whether federal law requires the University to investigate the alleged Title VI violation under the facts and circumstances as presented in this matter;

- A declaration that none of the University's policies violate the First Amendment to the United States Constitution;

- A declaration that the University of Kentucky may rely on the IHRA definition of antisemitism in disciplinary proceedings consistent with Senate Joint Resolution 55's command to Kentucky's postsecondary institution to adhere to the First Amendment to the United States Constitution;

- That the Court deny the Plaintiff's requested injunctions;

- That the Court deny Plaintiff's demand for punitive damages and monetary damages for emotional distress and reputational damage;

- Attorneys' fees and costs;

- For a trial by jury, and for any and all other appropriate relief to which they may appear to be entitled.

Respectfully submitted,

*/s/Bryan H. Beauman*

Bryan H. Beauman
Carmine G. Iaccarino
Sturgill, Turner, Barker & Moloney, PLLC
333 West Vine Street, Suite 1500

Lexington, KY 40507
Telephone No.: (859) 255-8581
Facsimile No.: (859) 231-0851
bbeauman@sturgillturner.com
carmine@sturgillturner.com

&

William E. Thro
*General Counsel*
University of Kentucky
Office of Legal Counsel
301 Main Building
Lexington, KY 40506
william.thro@uky.edu

*Attorneys for Defendants Dr. Eli Capilouto, Dr. Robert DiPaola, William E. Thro, and James Duff*

**CERTIFICATE OF SERVICE**

I hereby certify that on September 25, 2026 the foregoing document was electronically filed using the Court's CM/ECF system, which will send notification of such filing to all parties registered to receive electronic filings.

*/s/ Bryan H. Beauman*
*Attorney for Defendants Dr. Eli Capilouto, Dr. Robert DiPaola, William E. Thro, and James Duff*